Orozco-Velasquez v. Atty. Gen. Velasquez v. Atty. Gen. Velasquez v. Atty. Gen. Velasquez May it please the court, my name is Amanda Johnson. I'm a third year law student at the University of Pennsylvania, participating in the Federal Appellate Litigation Externship. And this is your what, 15th oral argument? First, your honor. Let us know how we do when you're done. I'm appearing here today at request of the court as amicus or petitioner on the issue of Chevron deference to the BIA's Camarillo decision. I'd like to request three minutes for rebuttal. Okay. We had a former colleague of ours who was renowned for saying that the only case in the history of the United States that was more poorly reasoned than Chevron was Dred Scott. So why should we even get to the Chevron issue? You're saying that the statute is not ambiguous, but it does seem, one, just the laying out of this statute, you've got 1229, that's one. Under 1229, there's a 1229 paren a. Then there's a whole other statute, 1229 a, which refers back to 1229. Just the layout of the statute, why wouldn't that create some ambiguity and that maybe we should just hold our nose and rely upon Chevron to decide it? Well, under Chevron's step one, no deference is given to agency opinions if the statute is clear and unambiguous. And you're saying the statute here, you think it's clear? Yes, your honor. It says that the accrual of time for purposes of the cancellation of removal remedy stops when the alien receives notice under section 239a of the Immigration and Nationality Act. What was the authority by which the Immigration Service promulgated or drafted or sent the notice? Forget the content of that notice, but what was the authority by which the government sent him the notice to appear? The government claims that the notice to appear was issued under section 239a. But what do you claim? Because you're not saying that they had no authority to send him a notice because the notice was valid. That's not your argument. No, your honor. Our argument is that they did not comply with their duty of sending the notice under section 239a. Now, section 239a provides a list of information that shall be provided to aliens. The notice that the alien received in this case did not include a date or a time of hearing. But eventually he did get that information where to appear and when. Yes, your honor. And so the point, but that was after the ten years, was that correct? That's correct. So this notice to appear was how, the first, the piece of paper, the form, the incomplete form was how much before the ten years expired? It was about five months. About five months, okay. Depending upon the exact date of entry into the U.S. However, the second piece of paper was not received until he had been in this country for eleven and a half years. Now, what would be the significance, if you were arguing policy for a moment, as to why you must have the time and place within the ten years as opposed to outside the ten years eligibility? Congress made a policy choice of what to include in section 239a's list of information that shall be provided to aliens in order to stop time. Wait, you just put the rabbit in the hat when you said in order to stop time. That's not what the statute says. The statute says that time stops when the alien receives a notice under section 239a. Right. Therefore, it is our position that time should not stop until the alien receives all of this information. Now, the time and date of hearing is clearly listed as one of the elements. Therefore, it is our position that the plain language of the statute dictates that time does not stop until the alien receives notice of this information. What do you do with the regulation? You're not entitled to this regulation. I'm looking for it now. I think it's 235.6a, but it may not be. Basically, it's a common sense regulation that says that when it's impractical to provide all of the notice that would otherwise be in the notice under 1229a, that that information need not be included. What do we do with that regulation? Well, first, what is at issue in this case is the agency's interpretation of the statute. Now, the regulation was issued by the agency itself, so it is merely another iteration of how the agency believes that this statute should be interpreted. However, under Chauvin's first step, we do not even look to what the agency thinks. Instead, the court should look at the plain language. And now, the plain language of the statute is not changed simply by the fact that it may be moderately difficult for the government to comply with. I guess my concern is that I understand your argument, and it's not an unappealing argument, but it seems to me that the notice is, in fact, legally, in terms of the authority of the agency to issue that notice, you can't deny, at least not in keeping straight face. You have a tendency to smile, so maybe that's a fair question for you. You can't deny the fact that the legal authority to generate that notice does come back to 1229a. Forget about the content of the notices. The government has the legal authority to issue that notice, and because of the mechanism by which removal proceedings are initiated, that's what gives the INS the right or the government the right to initiate removal proceedings. It's 1229a. Is that right? That is correct. So you're saying that even though the government has the authority to initiate the proceeding, this top-down rule does not click in because the notice that you're giving is defective, and you get that by saying it's defective because the notice is not under 1229a, even though I think you just conceded that the authority by which the notice is promulgated, in fact, arises from. Let's stay with under for a second. Arises from 1229a. That seems to me to be a pretty tenuous reading of the statute. It reads a lot more into the word under than I think would normally be inferred. Well, we believe that the word under is synonymous with in accordance with, and notice under or in accordance with Section 239a would necessarily require that the notice include that list of information. What did Congress say in accordance with? In accordance with the provisions of, which would make it very, very crystal clear, removing the ambiguity. Had they said notice in accordance with the provisions of, then it's a lie. It's clear. They did not do that, and why doesn't an ambiguity arise from the fact they did not do that? Well, besides the plain language of the argument of the statute, the government's position in this case, in effect, reads out the list of information found in Section 239a. So does it read it out, or does it simply say notice is generated? I want to use under. The notice, in fact, was generated pursuant to the controlling provision, the provision which gives you the authority to generate the notice. There's a second issue, and it's why I guess they call it definitional in the case the government's relying upon, in general, I guess it is, that tells the government what it needs to put in the notice, but that does not negate the authority, the legal authority of the government to generate the notice, and, in fact, once that notice is generated and taken a step further here and received by the alien, the stop time rule kicks in. Now, that scheme, that reading of 1239a and 1239.a makes eminent sense. It's perfectly illogical. The alien is in a position, once he or she receives notice, that the fact that they've been here, at that time, is no longer going to count toward their ability to cut off, remove, or otherwise be facing. They know they're in trouble? They are on notice that the government intends to instigate proceedings against them, but the alien in this situation was not on notice of all the elements required by the statute. We're not talking about a constitutional due process notice here. We're talking about notice within the context of the statute, and within the context of the statute, the specific statutory trigger that Congress chose to trigger that stop time rule was notice under Section 239a. Now, you've got the Fourth and the Sixth, I think, and the Seventh Circuit having gone the other way just in 2014. Has any circuit court gone the way you suggest? Well, the Second Circuit's approach in the Guam and Riga decision found that the plain language of the statute was that time period. But those are not our facts, are they? The facts were slightly different, but the core holding applies here, and that is time does not stop until the alien receives notice of all of that list of information. Now, in the Second Circuit's case, the alien received that second notice within the time period, so he was still ineligible to apply for cancellation of removal. But applying that rule here, the petitioner did not receive that list of information until well beyond the 10-year mark. He, therefore, should not be deprived of his ability to apply for this discretionary remedy. Does a failure to have a complete notice to appear make a notice to appear somehow not a notice to appear? The government's argument is that it is merely definitional. So you can issue a notice to appear under Section 239A, and it need not comply with any of the substantive requirements of that section. Now, it is our position that taking this argument to its logical conclusion yields an impermissible result. If the government need not comply with any of the substantive requirements found in Section 239A, then what would stop the government from issuing entirely blank notices to appear under Section 239A, merely for the purpose of stopping time, and only later following up with the details, with the time, the date of the hearing? Is there any requirement or any precedent on what should the notice be completed within a reasonable time, what that reasonable time might be? I'm not familiar with any precedent on that issue. However, as I've said, the Second Circuit found that whatever that time is, the time does not stop for purposes of cancellation of removal until that second notice has been received. Given the timing here, it looks like what happens, and we're all familiar with the ridiculous backlog of these cases, it looks like what happens is there's probably some kind of code somewhere that's been written that generates a list or an actual notice to appear of folks who are getting in, who are starting to bump up against this 10-year deadline. Notices to appear are then sent out to these folks with rudimentary information in them, not very complete, not even as complete as it was in Camarillo, where they just had information to follow to stop the time. Because it's almost a year apart when these two notices are sent out, and then at some point after that, another notice is generated that fills in the blanks that you're saying had to, as a matter of law, have been included in the first notice to make that first notice legally operative under the stop time rule. It looks like a procedure of convenience, which doesn't advance or retard your argument, but it just assumes what's happening here. Even if the government should choose to use this two-step process, time should not stop until that second notice when the alien is on notice of all of the information. Now, simply because a statute might be moderately difficult for the government to comply with does not change its plain meaning. And here, the government has found itself able to comply with these statutory requirements in plenty of cases. We're here today because this is the case in which it could not. Now, see, I'm running out of time, but I would just like to say that the government has the ability to stop time for purposes of cancellation of removal. It simply didn't do so here until the alien was well beyond the 10-year mark. Okay, Ms. Johnson. Thank you very much. Thank you. Are you sure this is your first argument? Yes, Your Honor. Mr. Tennyson. Good morning. My name is Robert Tennyson. Is this your first argument, too? This is my first argument, actually. Oh, okay. It's National Rookie Day. Yes. I represent the Attorney General in this matter. First off, let me start by emphasizing three ways. Let me go back to Guaman-Rigo. Guaman-Rigo, yes. And the three ways in which this Court shouldn't be persuaded by that case. First off, in Guaman-Rigo, the Second Circuit was faced with an instance in which both the NTA and the notice of hearing were served before the 10 years had run. So this question did not present itself. Second, Guaman-Rigo, before the agency, was decided before Camarillo. So the Second Circuit didn't have to consider whether or not deference to Camarillo was required. But the Court did not find any ambiguity. It did not find any ambiguity. It relied on the Seventh Circuit in doing so. I mean, it relied on an earlier Seventh Circuit case, Dababneh v. Gonzalez, in doing so. And in Dababneh, they also found that there was no ambiguity in the statute when they held that both the notice to appear and notice of hearing were required. But we've got two circuits finding that there's no ambiguity in the statute. Why would we then find ambiguity that hasn't been there before just because of an intervening decision that your opponent says is not even a reasonable interpretation of the statute? Well, the Seventh Circuit actually stepped back from that in Guaman a few years later. After Camarillo had been issued, the Seventh Circuit again had the issue before it. And in this case, it had an NTA that came before the 10 years' presence had accrued. And a notice of hearing, actually two notices of hearing that couldn't be delayed, by no fault of the petitioner in the case. But you had just a pure notice to appear within the 10-year period. In fact, five days before the 10 years had run. And the Seventh Circuit looked at it and said, put aside what we had said about the plain language in this case. The board is correct that this provision is susceptible to multiple ratings. And the board reasonably came to the result that it did in this case. That all you need is the notice to appear, not the notice of hearing. The Second Circuit hasn't had a chance to look at this. And the question hasn't been squarely presented to the Second Circuit. What do you do with Johnson's hypothetical, the Brady-Cornwalls argument that she makes? That if you're right, then all you have to do is send out a blank piece of paper that says, Notice of Appeal Issued Pursuant to A. U.S.C. 1229 A. Stop Time Rule Applies. I don't think that's the case. I think that's certainly not the case here. But it's certainly possible. It's certainly possible. I mean, assume the department does that, I would concede that that would be problematic. Well, problematic, yes, but would it be sufficient to stop the time from running? Would it be sufficient to stop time? If they handed out a blank piece of paper that said, wrote the word NTA on it, it wouldn't. I mean, there is a point of substantial compliance. I mean, the NTA requirements, there are certain ones that you would think of. Under Section 1229, it isn't that they must provide this information. The list says that you must provide A through G. It's that you must provide the written notice. Specifying, and that's the key word, specifying these things. Specifying is kind of a squishy term. How much information do you need to give to specify? I thought it was pretty concrete. I sometimes feel squishy. I don't feel squishy when I hear it. Even though the first syllable is kind of special. Right, right. To specify. Right, Your Honor. Say, for example, in some cases, say you have to specify the charge. How much do you need to write down? Say you need to specify the date. What particular, you know, the date and time. Does it need to be the specific date and time down to the minute? Does it need to tell you where you fall on the counter? Can it be in a case where it's hard to figure out exactly where the agency can schedule it? Isn't it sufficient to specify the time to say, we will give you that information? What if there are new charges and no time of hearing? If it's new charges, I think it's sufficient that the charges give you at least notice that you're in removal proceedings. In this case, we don't have a case in which the charges were later changed at all. I think there was an alteration in the third allegation, but it's hard to tell from the record in the case. Let me just ask a dumb question. What's so difficult about putting a date and time for a hearing in the first notice to appear? The agency, well, you have two different agencies that are trying to schedule this. DHS and the board. Right, Your Honor. Unfortunately, DHS and ERO officers who are giving out NTAs cannot always contact the board to say, when do you have a time available? When can you schedule this? What ends up happening, particularly when they're out in the field or when they're far away, So what ends up happening is that in order to prevent confusion and prevent aliens from receiving one date and time and then later getting another notice with another date and time. It sounds like you're saying in order to prevent aliens from asking for a discretionary stay for good reason, right? In order to stop time. Is it so awful if you don't stop time? People who you are letting stay in the country, are they so terrible? If they are terrible, they aren't going to get the discretionary permission to stay. Right. So what is so awful about giving them that discretion? Okay, I think there are two different questions here, Your Honor. And I think it's a fair question. First, there's a question of our discretion. It's a good question. It's a very good question. And the first aspect has to do with our prosecutorial, with the government's prosecutorial discretion and whether or not people are being put in proceedings or outside of the proceedings, at the back end, what happens to them. The second aspect of this is, what do we do with the statute that Congress has passed the agency with? Once people have been put into proceedings or are in the midst of proceedings? Outside of the context of that broader discretionary mantle. Well, Ms. Johnson is arguing that he was never put in. I hope I'm not misinterpreting the argument. She'll let me know when we're done. But basically, her argument, extended to a factual point, is he was never really put into proceedings because no notice to appear was issued, quote, under, close quote, the controlling statute. So he was never in proceedings as far as she's concerned. Well, by her argument, he would have been put in proceedings later. After the 10 days. But that's, I mean, the thing is, is the statute is amenable to, is ambiguous, is amenable to multiple constructions. Should the rule of lenity then be considered? That's a good question, Your Honor. The thing is, is that if the rule of lenity applied every time an immigration statute was ambiguous, there would be nothing for the agency to do. The agency would just go down the list of reasonable ones. I mean, it depends upon your perspective, right? But the thing is, we have an administrative agency for the sole purpose that it is to make those kinds of calls, and it is to make those kinds of discretionary determinations. The rule of lenity applies, and it does. It applies in certain circumstances where we have general statutes of general application. But it wouldn't apply to this situation. Because it's a situation in which the interpretation of the statute has been committed to the board. It's not like retroactivity. In 1996, Judge Roth wrote a decision, a case called Bamadel. Right, you're right. It says we do not defer to the INS's interpretation of a statute of limitations or a limitations period. Now, maybe if you apply that here, why should we defer to its interpretation of what is the limitations period? Then picking up on her question, we're not talking about something. All we're talking about is eligibility for cancellation of removal. That's it. It's not interfering with anyone's discretion. It's giving someone, if they have a good case, the opportunity to throw themselves on the mercy of those making the decision. And isn't that somewhat consistent with what President Obama has been saying? He wants to do with the whole immigration system. Right, Your Honor. Okay, let me take this three steps. That's a jurisdictional argument, but this is really why a jurisdictional argument fails, because we're not challenging the jurisdiction at all. The issue is whether or not he's eligible for the exercise of the decision. This is a question about the eligibility for the exercise of relief. And that actually gives me a foray into the first part of the answer with regard to Benelade. Benelade is a very interesting case in that generally the board doesn't get deference for its interpretation of general statutes. So say, for example, criminal provisions or if it was interpreting FOIA, for instance. These are statutes of general application, so therefore the court construes those in the first instance. What's interesting about Benelade is that the court found that the statute of limitations, it essentially only occurs once in the INA, and that's in that rescission provision, right? So the board has very little experience, understanding, knowledge of how to deal with those kinds of cases, whereas the courts of appeals do. And so given those circumstances, deference to the board wasn't given in Benelade. That's different here. This is relief. The board deals with relief questions and the applicability of relief on numerous instances and how those statutory provisions interact with one another. So this is one of those instances in which it's within the compass, centrally within the compass of what the board does on a regular basis. So let me ask this. This is probably, I'm sure it's not on the record, why we've seen in the past some cases where you get a situation, and this is kind of lurking within some of the questions, especially directed by Judge Roth but also Judge Ambrose, and you just wonder, wait a minute, what in the heck is going on here? Why would not the Justice Department take a look at this and exercise its discretion to grant some relief here? Has that at all been considered here? And I don't want to trespass on the agency's discretion, but I'm just wondering whether or not this is a situation where maybe we should pull back. You should pull back, talk to somebody, and see whether or not there's some room for discretion here. Actually, before I came, I reached out to the Department of Homeland Security and asked if they were interested in exercising discretion in this case, and their response was that they were not. So here we are today. The problem is often, let's say that a petitioner has to, in order to have rights ripen or a petition for review taken, has to do three things, one, two, and three. And if this person does one and two but doesn't do three, the courts almost invariably say, guess what, you didn't comply, so you didn't perfect your rights. So here you've got a notice to appear, and you have to do a number of things, and it does say shall, and here there are things missing. The things that are missing ultimately are supplemented, but they're after the 10-year period. What is so wrong with allowing, I keep coming back to the same question that Judge Roth asked, what's so wrong with allowing that and just say if you haven't complied, okay, and you still have a second bite at the apple here. You still have your discretion. Well, Your Honor, first off, this is not a case of plain language. This is a case of the agency interpretation. And there might be a better way of construing it and a way that to the court may be more fair, but the thing is that what the agency gave was a reasonable interpretation of the statute. That's all that's required. You said that they substantially complied. Now, if our job and your job is such an interpretation, where does that get us? How do we define substantial compliance? How do we know when something is substantial compliance,  you're saying is all that's required? Right. I believe it was the Fourth Circuit that may have made reference to, and it was sort of a side reference to substantial compliance, and went in that case and said that it wasn't there. It wasn't supplied at the time. And it's not, this isn't a case where that's really come up. I mean, the thing is here we've got a notice to appear that has time and date to be determined where a notice of hearing was subsequently given that provided that. So that seems to fall very nicely within Camarillo, and that seems to be sort of the goal. The second is, does the notice to appear provide sufficient what? Sufficient information to initiate proceedings? The question is whether or not the notice to appear complied with the mandatory language of 1229. Right. And the thing is you've got two provisions. First, you've got under. In Cocoon of Beholder, the word under itself cannot be freighted with that much meaning. It's chameleon. It takes the meaning of the words around it. So under doesn't get you. Leaning on under in the cancellation stop time provision doesn't get you anywhere. What you have to do is you have to look at the context. Here the context is very empty. It says notice to appear under, and it actually served a notice to appear under that other section. So first, you can't do very much with the word under in this provision. Second, when you look at 239, one of the interesting things is that 239 is defined as a notice to appear for purposes of this section. Because it is defined as a notice to appear for purposes of this section, when you look at other provisions of the statute that refer back to the notice to appear, and this appears in three other provisions in the statute from my look, this provision that we're considering here, a voluntary departure provision, and a provision that has to do with, oh, I see my time is about to run out. Go ahead. Okay. That has to do with record keeping of an extension order. And in all of those cases, in one way, form, or fashion, they refer back to a notice to appear under section 239A. In some way, the language differs between the three, but they all do. So you've got that as sort of a guidepost as to why that under 239A is occurring where it does in the cancellation provision. Thank you. You cut yourself off and used another argument. Did you change which one you were saying? Sir? You cut yourself off and used another argument. Did you change which one you were saying? There is another argument, and that has to do with the NTA doing multiple things. And I had already mentioned this before, that what the statute says with regard to service and the notice is that the statute provides that written notice shall be given, comma, specifying. It's not that it shall provide A through G, that the notice to appear shall provide A through G. It shall be given, and then it provides some sort of general parameters for giving the notice to appear. And then it says specifying each of those things that are listed. What is it supposed to do? It's supposed to specify each of those. So it's a little different, but I think that word specifying means something. It means something specifically. I think specify and specific are rather exacting words. The OED sometimes says that. The OED also gives instances in which it just refers back to something, or it refers to some other term. Oxford English Dictionary. But it does, generally it does. And to specify something needs to give something to specify. You're forgiving me for not knowing what you're referring to when you said OED. Oh, sorry. Somehow the Oxford English Dictionary did not need it. Judge Roth and I used to have a partner who swore by it. By OED. Yes. I'm glad you moved on. All right. Thank you, Your Honor. Okay, thank you. Thank you, Judge. Mr. Anthony, we still have some time, I think. First, Your Honors, I'd like to reiterate that this is a case of statutory interpretation. The agency's interpretation should not be considered until and only if this court reaches Chevron's second step. Now, secondly, as to the administrative convenience point, the government can change information provided in the first notice should it later find it necessary to do so. In fact, Congress provided explicitly a process by which any information can be changed later. Time should just not stop until the government fulfills its initial burden of providing information in the first place. And now, finally, even if this court does find that the statute is ambiguous, it should not defer to the agency's interpretation. Now, as Your Honors brought up, this court itself has held that deference is not warranted to agency interpretations of a statute of limitations or an effective date of the statute because these are not areas within the agency's expertise. Instead, these are matters for courts to decide. Secondly, the government's interpretation is not warranted deference because it violates the well-established rule of construction that any ambiguities in immigration statutes are construed in favor of the alien in question. Now, the stop-time rule takes away an important remedy from aliens, the ability to apply for cancellation of removal. This court should require that the government comply with each and every statutory step that Congress has set out before that remedy is taken away. Now, if there are no other questions, I'd just like to conclude by saying this is not a case where the government loses based on a technicality. The petitioner is just asking for the ability to apply for a hardship-based discretionary remedy. His ability to do so should not be taken away until the government fulfills its burden of providing all the information that Congress listed in the statute. Thank you. Thank you, Mr. Johnson. I want to also thank you and your supervising attorney for volunteering your services here. And the Deckard Firm. And the Deckard Firm. Greatly appreciated. And also, we see you both back. I would never have known, Mr. Johnson, had you not given yourself up. First of all, you did an absolutely terrific job, and Mr. Tennyson, I'd love to see you both back here. Absolutely. It's a wonderful job. We don't often see two lawyers as poised and responsive. Let us ask questions. It sounds weird, but a lot of lawyers don't give us a chance to ask our questions. And your answers were very responsive to the questions, so just both of you, great job. As we say in South Philly, you've done good. And he's not even from South Philly. Thank you. Thank you.